Sara Khosroabadi, Esq. (SBN: 299642)
sara@westcoastlitigation.com
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
**Hyde & Swigart**
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Office Number:        (619) 233-7770
Office Fax Number:    (619) 297-1022

Attorneys for Michael Stark and
Theresa Bongiovanni

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Michael Stark and Theresa Bongiovanni,**<br><br>                          **Plaintiffs,**<br><br>v.<br><br>**Ford Motor Company, LLC, Reese Law Group, APC, and Harlan Reese,**<br><br>                          **Defendants.** | Case No: '15CV919 W    BGS<br><br>**Complaint For Damages**<br><br>**Jury Trial Demanded** |

**INTRODUCTION**

1. Michael Stark and Theresa Bongiovanni, ("Plaintiffs"), through Plaintiffs' attorneys, brings this action to challenge the actions of Ford Motor Company, LLC, ("FMC"), Reese Law Group, APC ("RLG"), and Harlan Reese ("Reese"), (collectively "Defendants") with regard to attempts by Defendants to unlawfully and abusively collect a debt allegedly owed by Plaintiffs, and this conduct caused Plaintiffs damages.

2. Plaintiffs make these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, which Plaintiffs allege on personal knowledge.

3. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

4. Unless otherwise stated, all the conduct engaged in by Defendants took place in California.

5. Any violations by Defendants were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such specific violation.

6. Through this complaint, Plaintiffs do not allege that any state court judgment was entered against Plaintiffs in error, and Plaintiffs do not seek to reverse or modify any judgment of any state court.

**JURISDICTION AND VENUE**

7. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692k, and 28 U.S.C. § 1367 for supplemental state claims.

8. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 ("Rosenthal Act").

9. Because Defendants do business within the State of California, personal jurisdiction is established.

10. Plaintiffs are natural persons who reside in the City of Carlsbad, County of San Diego, State of California.

11. Plaintiffs reside in San Diego County, as defined by 28 U.S.C. § 1391(c)(1), the judicial district in which this lawsuit is brought.

12. At the time of the substantial part of the events or omissions giving rise to the claim occurred, specifically, Defendants tried to collect the alleged debt owed, Plaintiffs were physically located in the City of Carlsbad, County of San Diego, State of California.

13. Because Plaintiffs resided in Carlsbad, County of San Diego at the time Defendants tried to collect on the alleged debt owed, and Plaintiffs still reside in Carlsbad, County of San Diego, venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

14. At all times relevant, Defendants conducted business within the State of California, thus venue is proper pursuant to 28 U.S.C. § 1391(b)(1).

### PARTIES

15. Plaintiffs are natural persons who reside in the City of Carlsbad, State of California.

16. Defendant FMC is located in the City of Dearborn, in the State of Michigan.

17. Defendant RLG is located in the City of Incline Village, in the State of Nevada.

18. Defendant Reese is located in the City of Rancho Santa Fe, in the State of California.

19. Plaintiffs are natural persons allegedly obligated to pay a debt, and are consumers, as that term is defined by 15 U.S.C. § 1692a(3).

20. Defendants are persons who use an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of

debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and are therefore debt collectors as that phrase is defined by 15 U.S.C. § 1692a(6).

21. Plaintiffs are natural persons from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiffs, and are debtors as that term is defined by California Civil Code § 1788.2(h).

22. Defendants, in the ordinary course of business, regularly, on behalf of himself, herself, or others, engages in debt collection as that term is defined by California Civil Code § 1788.2(b), is therefore a debt collector as that term is defined by California Civil Code § 1788.2(c).

23. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction.  As such, this action arises out of a consumer debt and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

## FACTUAL ALLEGATIONS

24. Sometime before October 17, 2014, Plaintiffs are alleged to have incurred certain financial obligations to Defendant FMC through the purchase of an automobile for personal use.

25. These financial obligations were primarily for personal, family or household purposes and are therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).

26. These alleged obligations were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and are therefore a "debt" as that term is defined by California Civil Code §1788.2(d), and a "consumer debt" as that term is defined by California Civil Code §1788.2(f).

27. Sometime thereafter, but before October 17, 2014, Plaintiffs allegedly fell behind in the payments allegedly owed on the alleged debt. As it is irrelevant to this action, Plaintiffs currently takes no position as to the validity of this alleged debt.

28. Subsequently, but before October 17, 2014, the alleged debt was assigned, placed, or otherwise transferred from Defendant FMC to Defendant RLG for collection.

29. On or about October 17, 2014, Defendant RLG was informed by Plaintiffs' counsel by telephone that both Plaintiffs were represented by counsel with respect to the alleged debt and that all further communications should be sent to Plaintiffs' counsel. In this call Plaintiff's counsel gave Defendant RLG counsel's contact information. Defendant RLG, through its agent, sent an email shortly thereafter memorializing the communication, stating:

> "As we discussed, here is the Proof of Service for Michael Thomas Stark. Please review it and let me know your thoughts."

30. Later that day, Plaintiffs' counsel sent a letter via facsimile confirming that Plaintiffs were represented by counsel with respect to the alleged debt and reiterating that all further communications should be sent to Plaintiffs' counsel.

31. On or about December 9, 2014, a letter addressed to each of the Plaintiffs was sent by Defendant RLG in regard to the representation of Defendant FMC in Ford Motor Company LLC v. Stark, case no. 37-2011-00056135-CL-CL-NC, demanding payment of the alleged debt. The Plaintiffs received the letters shortly thereafter.

32. Both letters were signed by Defendant Reese on behalf of Defendant RLG.

///

///

33. In that letter, Defendants RLG and Reese, unwilling to take the precautions required by law, clearly showed their knowledge that speaking to a represented party may be a violation of the law, and instead apologized beforehand by stating:

> "If you are represented by an attorney, I'm sorry that I sent you this letter instead of to your counsel."

34. This communication to Plaintiffs was a "communication" as that term is defined by 15 U.S.C. § 1692a(2), and an "initial communication" consistent with 15 U.S.C. § 1692g(a).

35. This communication was a "debt collection" as Cal. Civ. Code 1788.2(b) defines that phrase, and an "initial communication" consistent with Cal. Civ. Code § 1812.700(b).

36. Without the prior consent of the consumer given directly to any of the Defendants or the express permission of a court of competent jurisdiction, Defendants RLG and Reese communicated with the consumer in connection with the collection of a debt when Defendants RLG and Reese knew the consumers were represented by an attorney with respect to such debt and had knowledge of, or could have readily ascertained such attorney's name and address. Consequently, Defendants violated 15 U.S.C. § 1692c(a)(2) and Cal. Civ. Code § 1788.17.

///

///

///

## CAUSES OF ACTION

### COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

### 15 U.S.C. §§ 1692 ET SEQ.

### (AGAINST DEFENDANTS RLG AND REESE)

37. Plaintiffs repeat, re-allege, and incorporate by reference, all other paragraphs.

38. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

39. As a result of each and every violation of the FDCPA, Plaintiffs are entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendants.

### COUNT II

### ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT (ROSENTHAL ACT)

### CAL. CIV. CODE §§ 1788-1788.32

### (AGAINST DEFENDANTS FMC AND RLG)

40. Plaintiffs repeat, re-allege, and incorporate by reference, all other paragraphs.

41. The foregoing acts and omissions constitute numerous and multiple violations of the Rosenthal Act, including but not limited to each and every one of the above-cited provisions of the Rosenthal Act, Cal. Civ. Code §§ 1788-1788.32

42. As a result of each and every violation of the Rosenthal Act, Plaintiffs are entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from Defendants.

///

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray that judgment be entered against Defendants, and Plaintiffs be awarded damages from Defendants, as follows:

- An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3);
- An award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b);
- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c).

43. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiffs are entitled to, and demand, a trial by jury.

Respectfully submitted,

**Hyde & Swigart**

Date: April 23, 2015                         By:  s/Sara Khosroabadi
                                                  Sara Khosroabadi
                                                  Attorney for Plaintiffs